E-FILED
Monday, 18 September, 2006  02:43:43 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FRANCISCO BORJAS,
  PLAINTIFF,
v.
ROD R. BLAGOJEVICH,
RODGER E. WALKER JR.,
  DEFENDANTS.

FILED
JUN 2 0 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
MAY 25 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

06cv2927
**JUDGE HART**
**MAGISTRATE LEVIN**

## COMPLAINT

I, Francisco Borjas, pro se, under Title 42 U.S.C. Section 1983 and Title 42 U.S.C. Section 1331, move this honourable Court to redress a violation of my constitutional rigths, and in support state the following:

I.  I am an inmate within the Illinois Department of Corrections:
    Francisco Borjas # N-01840
    Pontiac Correctional Center
    Box 99
    Pontiac, Illinois 61764

1

## Defendants

**II** Rod R. Blagojevich,
Governor of the State of Illinois
100 West Randolph Street, Suite 16-100
Chicago, Illinois 60601

Rodger E. Walker Jr., Director
Illinois Department Of Corrections
100 West Randolph Street, Suite 4-200

## Plaintiff Has Exhausted The Remedies Of Administration

**III** A. In accordance with the IDOC rules and regulations, I sent the Clinical Services Department a grievance to resolve. As it was not resolved, I sent it to the institution's Grievance Committee, which subsequently denied me relief.

B. I forwarded the documents to the defendants' agent at the IDOC's Administrative Review Board, which

2

subsequently denied me relief.

C. The ARB's decision was authorized by sanction of defendant Rodger E. Walker Jr.

D. I then appealed to defendant Walker Jr's boss — defendant Rod R. Blagojevich, and recieved no reply.

IV  I have previously filed 3 law suits and do not have all of the information but submit the following:

1. Borjas v. Jordan-Luster, USDC Cent. Dist. of Ill., honorable Harold A. Baker presided. This suit was about "Religious Acoutrements", and was dissmised also by the USCA 7th Cir. in the summer of 2005, for my failure to comply with the Prisoner's Litigation Reform Act.

3

2. Borjas v. Page, no. 96-4095, 129 F.3d 1267, 1997 WL 686221. Appeal from the USDC So. Dist. of Ill. This suit involved "Out Of Cell Exercise", and was dismissed by the USCA 7th Cir. on October 28, 1997.

3. Borjas v. Welborn, in the USDC So. Dist. of Ill. This Suit involved "Religious Diet", and was settled upon agreement of the parties in April, 1996.

### Statement of Claim

V. I am 47 years old, have been held in segregation since March 22, 1984, and because of a mental disorder am on psychiatric medication

On July 11, 2004, I had been running in the institution's designated exercise area. When the alloted period expired, I stoped and to loosen my leg muscles began kicking into the

4

the air. An agent of the defendants' then told me to stop kicking, and because I did not, he handcuffed and shackled me and secured me to a peg on a wall. I became overwhelmed by thirst, was unable to breathe, and had excruciating, relentless chest-pain. I lost account of time, and when my please for medical attention were finally met, I was rushed to the Health Care Unit in a veihcle.

At the HCU, I was imediately given an EKG – electrocardiogram, first aid, subsequently two more EKGs, and finally released on the following day.
 When I arrived at the North Cell House, I was put into a "control-segregation cell", and not given any of my property items for several days.

I was written a disciplinary report by

by the defendants' agent, and was subsequently punished by the institution's Adjustment Commitee. One of the sanctions was to deny me out-of-cell exercise for 90 days.

When I was finally given my property, among my clothing and hygenic items were 4 books and a small stack of legal documents. The 4 books were: a dictionary, a law dictionary, a thesarus, and a Prisoner's Self Help Litigation Manual. "24" books and "2" magazines were missing — confiscated as "excess property."

I filed a grievance, and the defendants' agent went to my cell to tell me that if I agreed to drop the grievance I could give him 2 books to exchange for 2 book (law books) of the 24 that were confiscated. Because I was litigating a case, and

. . . .

had no books I could trade I declined, and my grievance was subsequently denied by the G.C.

I appealed to the defendants' agent at the ARB and was subsequently denied relief. This decision was authorized by defendant Walker Jr.

I appealed to Walker Jr.'s boss — Rod R. Blagojevich, and recieved no response.

I then twice notified the institution's Personal Property Department of my wishes to mail out the items and recieved no response. I wrote to Clinical Services twice, and finally was told "that my books had been destroyed".

I filed a grievance, in accordance with the rules and regulations, and was subsequently told that "the issue had already previously been heard and it would not be heard again.

7

1:06-cv-01239-HAB-JAG  # 6  Page 8 of 8
Case 1:06-cv-02927  Document 7  Filed 06/20/2006  Page 8 of 8

. . . .

I sent those documents to defendants' agent - IDOC ARB, and recieved no response.

## Relief Sought

I humbly request this honorable Court to grant me Detinue for my property that was wrongfully taken and allegedly destroyed, and the compensation and relief necessary to redress the violation of my constitutional rights.

## Certification

I, Francisco Borjas, certify under the laws of the United States that the facts I have stated in this document are true and correct to the best of my knowledge, information, and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Respectfully submitted on this 19th day of May, 2006.

*[signature: Francisco Borjas]*
Plaintif, pro se

F. BORJAS N-01840
Box 99
Pontiac, IL. 61764

8

# United States District Court for the Northern District of Illinois

Case Number: 06C 2927    Assigned/Issued By: _____

## FEE INFORMATION

Amount Due:  [X] $350.00    [ ] $39.00    [ ] $5.00

[ ] IFP    [ ] No Fee    [ ] Other _____

[ ] $455.00

No. Service copies _____    Date: _____

*(For use by Fiscal Department Only)*

Amount Paid: 350.00    Receipt #: 10426331

Date Payment Rec'd: JUN 2 0 2006    Fiscal Clerk: _____

Jun 20, 2006

## ISSUANCES

[ ] Summons    [ ] Alias Summons

[ ] Third Party Summons    [ ] Lis Pendens

[ ] Non Wage Garnishment Summons    [ ] Abstract of Judgment

[ ] Wage-Deduction Garnishment Summons    _____

[ ] Citation to Discover Assets    (name of victim, who it's against and $ amount)

[ ] Writ _____
(Type of Writ)

Original and _____ copies on _____ as to _____
(Date)

C:\wp\in80\docket\feeinfo.frm    04/10/06