UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Francisco Borjas,**
    **Plaintiff,**

    vs.              06-1239

**Rod R. Blagojevich and**
**Rodger E. Walker, Jr.**
    **Defendants.**

## OPINION

  Before the court is the plaintiff's complaint, filed pursuant to 42 U. S. C. Section 1983 wherein he names as defendants, Rod. R. Blagojevich, the Governor of the State of Illinois, and Rodger E. Walker, Jr., Director of the Illinois Department of Corrections.

## Standards

  The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

  Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

  The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

(1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background and Allegations

For purposes of this order, the court takes as true the plaintiff's allegations. The plaintiff, Francisco Borjas is an inmate within the Illinois Department of Corrections. He is currently incarcerated at Pontiac Correctional Center. On May 25, 2006, the plaintiff filed a petition to proceed in forma pauperis and submitted a complaint with the United States District Court, Northern District of Illinois. As he was barred from proceed in forma pauperis, he failed to advised the court that he had earned three strikes and he had failed to submit the filing fee, the United States District Court, Northern District of Illinois terminated his lawsuit on June 20, 2006. However, before the clerk of the court entered the dismissal order, the plaintiff paid the filing fee in full on June 20, 2006. Therefore, on August 22, 2006, the court vacated its June 20, 2006 order and reinstated the plaintiff's lawsuit and transferred it to the Central District of Illinois.

In his complaint, the plaintiff alleges that on July 11, 2004 he had been running in the prison's designated exercise area. When the allotted time expired, he stopped running and began attempted to loosen his leg muscles by kicking into the air. The plaintiff alleges that "an agent of the defendants" told him to stop kicking and because he did not stop, the agent handcuffed and shackled the plaintiff, and secured him to a peg on a wall. The plaintiff became overwhelmed by thirst, was unable to breathe and had excruciating, relentless chest pain. He lost account of time and when his pleads for medical attention were finally met, he was rushed to the Health Care Unit (hereinafter HCU) in a vehicle. At the HCU, he was immediately given an "EKG - electrocardiogram, first aid, subsequently two more EKGs and finally released the following day."

Upon his arrival at the North cell house, the plaintiff was placed into a "control-segregation cell" and not given his property items for several days. When he received his property, some was missing and at some point some books were destroyed by prison officials. A

disciplinary report was issued by the "defendants' agent." The plaintiff apparently found guilty

as he alleges that his sanctions included a denial of out-of-cell exercise for 90 days.

## Discussion

An individual is liable under § 1983 only if he or she was "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct. A defendant may also be personally responsible if the "conduct occurred with his knowledge or consent." *Sanville*, 266 F.3d at 739, *citing Chavez*, 251 F.3d at 652. The defendants, Walker, the Director of IDOC and Governor Blagovich obviously was not involved in medical care provided to the plaintiff when he received the EKG. Furthermore, the plaintiff's allegations prove that no one was deliberately indifferent to his serious medical needs. Rather, the medical staff provided medical care to the plaintiff, including EKGs and an overnight stay in the HCU. This claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Further, the intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); *see also Parratt v. Taylor*, 451 US 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied* 529 U.S. 1134 (2000). The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993). Accordingly, this claim must be dismissed.

Finally, "Exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being." *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001). Limited denials of exercise, however, are not unconstitutional. *Id.* (*citations omitted*). One year of segregation without access to prison yard does not violate the Eighth Amendment. *Person v. Ramos*, 237 F.3d 881 (7th Cir. 2001). The plaintiff's claim regarding the denial of out-of-cell exercise is therefore dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

It is therefore ordered:

1. The plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff claim that the defendants were violated his Eighth Amendment rights when they were deliberate indifferent to his serious medical needs and denied him out-of-cell exerise for 90 days is dismissed.
2. The plaintiff's property claim is dismissed pursuant to *Parratt v. Taylor*, 451 US 527 (1981) and *Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993).
3. The clerk of the court is directed to terminate this lawsuit in its entirety.
4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave

to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 9th  day of March 2007.


/s/ Harold A. Baker
_____
Harold A. Baker
United States District Judge

28 U.S.C. Section 1915A